*J. and P. B. Thompson, for appellant.*
*Polk, Kyle, for appellees.*

----

R. BELL & OTHERS *v.* JAMES SANDERS' ADMR. & OTHERS.

Pleading—Filing Answer After Pro Confesso—Discretion of Court.
     The refusal of the court to permit the filing of an answer at a succeeding term of court after a pro confesso had been permitted, is not an abuse of discretion to authorize a reversal.

Vendor and Purchaser—Evidence of Title.
     Evidence examined, and held to justify the judgment of the lower court passing title to land in controversy.

APPEAL FROM MARION CIRCUIT COURT.

January 6, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

The refusal of the court to permit appellants, Graham, Armstrong, and Bell to file their joint answer at the succeeding term of the court after they had permitted the petition to be taken for confessed or to them, was not such an abuse of discretion as will authorize this court, for that fact alone, to reverse the judgment; more especially as said judgment is not based upon the confession, but upon the merits of the controversy tried upon the issues raised by the answer of the guardian *ad litem* for the infant heirs of Bryers. The sole question we can conisder is whether the written evidence of title produced by the appellees and which seem to have been read without objection, when considered in connection with the depositions in the cause, are sufficient to establish that the legal title to the land sold to Graham and Ryers is in either the Sanders' heirs or Benjamin Logan. The original papers which were destroyed when the cderk's office was burned, were seen and examined by Mr. Fogle, one of the attorneys for the appellants, and he states that from their appearance they were of the age they purported to be.

The bond from Loving, the original patentee of the land to Reed, agreeing to convey to him in fee simple one-half of two tracts, of land, one of which was the survey in question purports to have been executed on the 16th of October, 1873. The assignment from Reed to Knox bears date February 22, 1812, and the conveyance from Knox to Logan was executed March 1st, 1816. The antiquity of these papers, coupled with their appearance of genuineness is enough to establish *prima facie* that they are authentic. This presumption is strengthened by the fact that though more than eighty years have intervened since the assignment to Reed by Loving, neither the heirs nor assigns of the latter so far as it appears from this record, have ever omitted claim to the land. In addition to this it appears that for more than twenty years the parties of the survey claimed by Logan, which embraces the land sold to Graham and Byers, has been defined by marked boundaries, and recognized by those living in its vicinity as his land.

The conveyance by Knox to Logan in our opinion invested the latter with the legal title to the land, and he still holds it notwithstanding the subsequent assignment of the bond of Loving

to Knight; this only invested Knight with an equity which passed back to Logan when Knight reassigned to him.

We are of opinion that the judgment of the court below passes the legal title of the land for which the notes sued were executed, to Armstrong and the heirs of Byers, and as they are entitled only to a conveyance with special warranty it can not matter to them through what channel the legal title reaches them.

Perceiving no available error in the judgment appealed from, it must be affirmed.

*R. & F. for appellants.*
*Wheat, for appellees.*